ADA BAILEY *v.* J. W. DAIGNAULT.

November Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 6, 1934.

*P. C. Warner* for the defendant.

*H. G. Leavens* for the plaintiff.

THOMPSON, J. This is an action of replevin for a Peerless automobile. The defendant answered by way of a plea of avowry and cognizance, in which he alleged that he was a constable and had levied upon and taken the automobile into his possession under a writ of execution against one F. Russell Spear, and that Spear was the owner of the automobile. There was a trial by jury, and a verdict and judgment for the plaintiff.

At the close of all the evidence, the defendant moved for a directed verdict on the following grounds: (1) That the undisputed evidence shows that the automobile was purchased of a concern known as Weeks & Winter by F. Russell Spear on November 18, 1928, and that on the same day said Spear gave his conditional sale note in payment thereof; (2) that there is no evidence to show that the plaintiff was a cosigner, indorser, surety, or in any manner liable for the payments on said note;

that, if she made any payments on it, she made them as a volunteer; (3) that there is no evidence tending to show that by reason of such dealings she was the purchaser or owner of the automobile. The motion was denied, and the defendant was allowed an exception.

It appears from the record that the Peerless car was attached as the property of F. Russell Spear on January 20, 1932, in a suit brought by the Springfield News Company against him, and that the defendant took possession of it on an execution that was issued on a judgment rendered against him in that suit.

The case was tried below and submitted to the jury on the theory that the only question was whether the plaintiff or Mr. Spear was the owner of the car when it was attached.

Mr. Spear and his wife, Ethel, have lived with the plaintiff at her home in St. Albans for about nineteen years. Mrs. Spear is a niece of the plaintiff. It appears that during that time the plaintiff has owned several automobiles. The evidence, viewed in the light most favorable to the plaintiff, tends to show the following: The plaintiff has been feeble and unable to attend to her business affairs for several years, and Mrs. Spear has had charge of them for her. There was an arrangement at the bank where the plaintiff had an account whereby Mrs. Spear could draw money therefrom whenever the plaintiff needed it.

The plaintiff testified that she had owned several cars, naming them; that the Peerless car was the last one she owned; that she paid for all of them; that she always paid for their upkeep; and that they were kept in the garage at her home. Mr. Spear took care of the cars and operated them subject to the plaintiff's orders. Mrs. Spear, when asked how the car in question was used, replied: "It was to be used by her (plaintiff) at any time she wanted it. When he was in the store if she wanted to be taken somewhere she called him and the understanding was that he was to leave the store or wherever he was and take her at her command." It can be inferred from the evidence that the same arrangement applied to the cars previously owned by her. At times, when the plaintiff was displeased with Mr. Spear, she would deny him the right to use the car, and it would be placed in the garage and remain there until she wanted to use it. If the car needed work done upon it, Mr. Spear would

attend to it, and Mrs. Spear would draw the money from the plaintiff's bank account and give it to him to pay for the work.

The first cars owned by the plaintiff were registered in her name, but in later years, for convenience, they were registered in his name, and liability insurance was taken in his name.

On November 19, 1928, the Peerless car was purchased of a concern known as Weeks & Winter. Mrs. Spear represented the plaintiff in the purchase of the car, but Mr. Spear did the actual negotiating for it. An Essex car and a Chandler car, both the property of the plaintiff, were traded in as part payment, which left a balance of $1,275 due on the purchase price. Mr. Spear gave a conditional sale note signed by himself, payable in monthly installments of $106.25, for this balance. While it fairly appears from the evidence that the plaintiff and Mrs. Spear knew that the balance due on the car was to be paid in monthly installments, there is no evidence that Mr. Spear was authorized to execute a conditional sale note in his own name. There is evidence tending to show that neither the plaintiff nor Mrs. Spear knew that he had executed such a note until some time after the car was purchased. The monthly payments due on the car were made by Mr. Spear with money that Mrs. Spear drew from the plaintiff's bank account at the direction of the latter.

It also appears that at some time Mr. Spear placed a mortgage of $200 on the car without the knowledge or consent of the plaintiff or Mrs. Spear. The plaintiff paid this mortgage to prevent legal proceedings.

While these acts of ownership of the car, and some others, by Mr. Spear, standing alone, are evidence from which a jury might infer that Mr. Spear was the owner of the car, such evidence is not conclusive. So far as it appears from the record, it cannot be said that Mr. Spear was the owner of the car at the time it was attached unless the plaintiff gave the car to him. A jury would be justified in inferring from the evidence to which we have referred, that the plaintiff did not give the car to Mr. Spear, and that she was the owner of it at the time the attachment was made. There was no error in denying the defendant's motion for a directed verdict.

*Judgment affirmed.*